UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FILED
APR 30 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

CHARMANE SMITH,

   Plaintiff,

v.

MBI, INC., *et al.*,

   Defendants.

Civil Action No. 1:19-cv-01036 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant plaintiff's application to proceed IFP and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Memphis, Tennessee, sues Danbury Mint (location unidentified) and its parent company, MBI, Inc., incorporated in Delaware. She also sues the United States of

1

America, and finally, several United States District Court Judges and court personnel,[1] all associated with the United States District Court for the District of Connecticut. Plaintiff alleges that defendants all conspired against her to commit [sic] "malfeasant, and/or misfeasant misuse of Title 28 U.S.C. § 1915 by, through, and/or with judicial chicanery – to aid and abet illegal/unlawful evasion of civil liability through intent to unlawfully delay or stop service of the civil complaint to fabricate an excuse for defendants MBI, Inc., and the Danbury Mint to ignore, disregard, and fail to answer the civil complaint." While far from a model in clarity, it appears that plaintiff is aggrieved with the decisions of the District Court for the District of Connecticut as it relates to service of process in a case before that Court.[2] She seeks $20 million in damages.

The ambiguous and rambling allegations comprising the complaint fail to provide adequate notice of a claim. While plaintiff lists various federal statutes and amendments, she fails to explain how such citations are relevant, or how they relate to any alleged wrongdoing committed by these defendants. The causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this Court's jurisdiction, or a valid basis for an award of damages. In fact, it is unclear what actual damages, if any, plaintiff has suffered. Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: April 25, 2019

_____
United States District Judge

---

[1] It is well settled that judges, clerks, and other court officials are immune from suit for actions done in a judicial or quasi-judicial capacity. See *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Wagshal v. Foster*, 28 F.3d 1249, 1252 (D.C. Cir. 1994) (citing cases); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curium); *Hilska v. Suter*, 2008 WL 2596213 (D.D.C. 2008), aff'd, 308 Fed. Appx. 451 (D.C. Cir. 2009).

[2] This court lacks jurisdiction to review the determinations of other federal courts. See 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), aff'd, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), cert. denied, 513 U.S. 1150 (1995).